Filed 10/24/24  P. v. Correa CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MOISES ARTHUR CORREA,<br><br>        Defendant and Appellant. | D082602<br><br><br>(Super. Ct. No. SCD290802) |


APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Spolin & Dukes, Aaron Spolin and Caitlin Dukes for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn Kirschbaum and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Moises Arthur Correa appeals the denial of a motion to sever two counts of robbery (Pen. Code, § 211; counts 2 & 3) from one count of assault with a deadly weapon on a police officer (§ 245, subd. (c); count 1).  He claims

the trial court abused its discretion because joinder was improper based on three relevant prejudice factors. Specifically, he claims (1) evidence of the different charges would not have been cross-admissible in separate trials, (2) the assault charge inflamed the jury and compelled conviction on the robberies, and (3) the stronger assault evidence compelled conviction on the robberies despite weaker evidence. We disagree and affirm.

I.

On June 26, 2021, Correa carried a black handgun into a gas station store, robbed the kiosk, and fled with several dozen packs of cigarettes and cash. On June 29, Correa committed a similar robbery at a discount store, but this time he threatened to shoot the clerk and fled with only a stolen tote bag. Surveillance footage from the gas station robbery showed Correa wearing a black baseball cap and brand-name shoes with "checkers" patterned sides.

On July 8, a police officer initiated a traffic stop on a speeding black car. The car at first pulled over, but when the officer dismounted his motorcycle and took "one or two steps towards" the car, it "drove off." The officer returned to his motorcycle and a chase ensued.

After entering a dead-end road and turning around, the car "slamm[ed] on the brakes," "quickly accelerat[ed]" in reverse, and struck the officer. The officer and his motorcycle slid several feet across the road, causing lasting injury to the officer's leg. During the chase, the officer saw Correa in the driver's seat of the car, and he later identified Correa in court.

Although the car initially drove away from the scene, the car's owner was quickly identified because the officer had seen the license plate. Investigators contacted the car's owner and learned Correa was in possession

of the car.  The next day, investigators received a concerned citizen's surveillance video showing Correa exiting the same car with a handgun.

Police began patrolling the area where the video was recorded.  They briefly spotted the car in traffic, then about five minutes later they found Correa walking nearby with a companion.  After another pursuit, Correa eventually ran into a house and was found hiding in the attached garage.

A search of the garage produced several packs of cigarettes and a black replica handgun consistent with the items stolen or used during the robberies.  In the black car, investigators found two pairs of brand-name shoes matching the robber's.  On Correa's social media accounts, investigators found videos of him wearing the same shoes and a black baseball cap matching the robber's.  Correa's physical build was described as consistent with the robber's.

The trial court denied Correa's motion to sever, and he was convicted of all counts.  The jury was instructed to consider each count separately.

## II.

Penal Code section 954 provides that one "accusatory pleading may charge . . . two or more different offenses of the same class of crimes or offenses" under separate counts.  Because Correa does not claim the statutory requirements for joinder were unmet, he must show clear prejudice to establish the trial court abused its discretion by denying his motion to sever. (*People v. Simon* (2016) 1 Cal.5th 98, 122–123.)

Reviewing courts assess prejudice by considering four factors, only three of which are relevant here: (1) whether evidence would be cross-admissible in separate trials; (2) whether any charge is likely to "unusually inflame" the jury against the defendant; and (3) whether a weak case has been joined with a strong case or another weak case.  (*Alcala v. Superior*

3

*Court* (2008) 43 Cal.4th 1205, 1220–1221.) Even if the trial court correctly denies a motion to sever, a reviewing court may reverse if "'the joint trial resulted in such gross unfairness as to amount to a due process violation.'" (*People v. Landry* (2016) 2 Cal.5th 52, 77.)

A.

1.

Correa argues the evidence is not cross-admissible because the counts lack a connection that would "demonstrate motive or common plan under California Evidence Code Section 1101(b)." We disagree.

Cross-admissibility need not be complete—in other words, go both ways between separate trials. (*Alcala*, 43 Cal.4th at p. 1221.) Here, evidence of the robberies was cross-admissible to show motive and intent for the assault count. Correa, who robbed two businesses in the two weeks prior to the officer pulling him over, had reason to fear the shoes in his car could tie him to the robberies. We agree with the People that the incriminating shoes could show Correa struck the officer "not inadvertent[ly] or accidental[ly]" but rather "specifically to disable and escape" from the officer. Thus, evidence of the robberies would be admissible to show motive and intent at the time of the assault. (*People v. Daly* (1992) 8 Cal.App.4th 47, 56; Evid. Code, § 1101(b).)

Although cross-admissible evidence generally is sufficient to show absence of prejudice and justify joinder, we address Correa's other two arguments. (*People v. O'Malley* (2016) 62 Cal.4th 944, 968.) Neither, however, persuades us.

2.

Correa claims his assault on an officer would "so inflame the jury" that conviction on the robberies was a "foregone conclusion." The principal

concern underlying this factor is that "strong evidence of a lesser but inflammatory crime might be used to bolster a weak prosecution" of a greater crime. (*Simon*, 1 Cal.5th at p. 124 [cleaned up].) The bar for what is inflammatory is high, however; even attempted murder of a police officer is not necessarily unduly prejudicial when joined with robbery charges. (*Daly*, 8 Cal.App.4th at p. 56.)

Here, the lesser robbery crimes were also the less inflammatory. Regardless, we do not agree with Correa that the "evidence of the robberies was weak." His two pairs of shoes, hat, and physical build all linked him to the robberies, as did the cigarettes and replica handgun found where he was hiding when arrested. On this record, Correa has not shown the robbery evidence was so weak, or the assault charge so inflammatory, that joinder improperly influenced the jury to convict him on the robbery counts.

3.

The same analysis applies to Correa's claim that, because the officer identified him in court, the assault evidence was stronger and thus compelled the jury to convict on the weaker robbery evidence. To the extent the identification was stronger than the video and physical evidence of the robberies, a "mere imbalance" of evidence between counts does not indicate prejudice. (*People v. Soper* (2009) 45 Cal.4th 759, 781.) If relatively weaker evidence is strong enough for a jury to consider and convict on separately, joinder is not improper. (*O'Malley*, 62 Cal.4th at p. 969.) As discussed above, we conclude the evidence of the robberies was sufficiently strong.

In sum, because none of the factors indicate prejudice, we conclude the trial court did not abuse its discretion in denying Correa's motion to sever.

B.

We must also consider "whether events *after* the court's ruling demonstrate that joinder actually resulted in 'gross unfairness' amounting to a denial of defendant's constitutional right to fair trial or due process of law." (*People v. Merriman* (2014) 60 Cal.4th 1, 46.) A judgment may be reversed on this ground only if it is reasonably probable joinder influenced the jury. (*Id.* at p. 49.)

Correa does not assert joinder influenced the jury beyond the arguments addressed above. He raises no subsequent developments in his case that reasonably could have changed the court's calculus in denying the severance motion, and nothing in the record overcomes the presumption that the jury followed the court's instructions to consider each count separately. (*Merriman,* 60 Cal.4th at pp. 47–49.) We therefore conclude joinder unlikely influenced the jury, so no constitutional violation occurred.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.

6